1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

NATHANIEL J. ROBERTS,

                Petitioner,

  vs.

JEFFREY UTTECHT,

                Respondent.

NO.  **CV-10-85-LRS**

**ORDER DENYING
MOTION TO DISMISS**,
*INTER ALIA*

      **BEFORE THE COURT** is the Respondent's "Motion To Dismiss Petition
As Untimely" (Ct. Rec. 14), Petitioner's Motion For Leave To File Sur-Reply (Ct.
Rec. 22), and Petitioner's Second Motion To Appoint Counsel (Ct. Rec. 24) .

**I.  BACKGROUND**

      Petitioner, Nathaniel J. Roberts, challenges his January 29, 1999, Spokane
County Superior Court bench trial conviction for first degree murder based on felony
murder with the predicate offense of first degree robbery for which he was sentenced
to 385 months incarceration.  Petitioner's conviction was affirmed by the Washington
State Court of Appeals on January 18, 2001, and review was denied without comment
by the Washington State Supreme Court on July 10, 2001.   Petitioner did not file a
petition for *certiorari* in the United States Supreme Court, so his 1999 judgment

**ORDER DENYING
MOTION TO DISMISS-**       1

became final ninety days later on October 8, 2001, when his right to direct review terminated.  The State Court of Appeals issued its mandate on October 5, 2001.

On November 9, 2007, six years after the mandate was issued, Petitioner filed a personal restraint petition with the state court of appeals.  On July 17, 2008, the Chief Judge of the state court of appeals dismissed the petition as frivolous and untimely under RCW 10.73.090, the state's one-year statute of limitations for collateral relief petitions.  The state supreme court denied discretionary review on December 24, 2008.  The state supreme court denied Petitioner's motion to modify the Commissioner's ruling on April 1, 2009.  The state court of appeals issued a certificate of finality indicating that the untimely collateral relief petition became final on April 9, 2009.

Petitioner subsequently challenged his 1999 sentence in Spokane County Superior Court based a change Washington State law.  In *In re LaChappelle*, the Washington Supreme Court held that the 1997 amendment to the definition of "criminal history" in the Washington Sentencing Reform Act of 1981 did not apply retroactively to allow a defendant's previously "washed out" juvenile adjudications to be revived and included in his or her offender score calculations.  153 Wash. 2d 1, 18, 100 P.3d 805, 814 (2004).  Petitioner challenged his sentence on the grounds that his criminal offender score was calculated incorrectly in light of *LaChappelle*. The Spokane County Superior Court issued an order on June 7, 2010, "clarifying" Petitioner's sentence to reflect an offender score of "0," not "3," as its value for the 1999 sentence calculation, and the court amended his sentence to 344 months incarceration.

On March 29, 2010, Petitioner filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this court. (Ct. Rec. 1).  The Petition presents five grounds for relief:  (1) the trial court's failure to include "intent to steal" in its

**ORDER DENYING**
**MOTION TO DISMISS-**        2

findings of fact invalidates Petitioner's conviction for felony murder with the predicate felony of robbery and therefore, violates his constitutional right to a valid conviction; (2) the Information charging document did not adequately inform Petitioner of the elements of the felony murder predicate offense of first or second degree robbery, including the element of intent to steal, in violation of his constitutional right to be informed of charges against him; (3) Petitioner's constitutional right to confront witnesses was violated when the trial court relied upon out-of-court statements of his co-defendants in its ruling against him; (4) Petitioner's constitutional right to a fair trial and due process was violated when the trial court failed to consider the defense of "self-help" applicable in robbery cases, or when it failed to consider Petitioner's juvenile status when determining the admissibility of his pretrial statements; and (5) Petitioner's constitutional right to a fair sentence was violated when the trial court impermissibly counted, as part of his criminal history, his juvenile convictions which occurred prior to the age of fifteen.

Respondent argues the Petition should be dismissed because: (1) it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d); (2) the Petitioner is not entitled to nor would be assisted by any statutory or equitable tolling of the statute of limitations, including any "actual innocence" exception; and (3) the Spokane County Superior Court's June 7, 2010 order does not restart the one-year AEDPA statute of limitations.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) took effect on April 24, 1996, and imposes a one year statute of limitation for prisoners

**ORDER DENYING
MOTION TO DISMISS-**        3

in state custody to file a federal petition for writ of habeas corpus. See 28 U.S.C. § 2244(d)(1). *Lindh v. Murphy,* 521 U.S. 320, 327-27, 117 S.Ct. 2059 (1997).  The period of limitations begins on the day that direct appellate review of the petitioner's case concludes. "[I]t is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review."  *See Wixom v. Washington*, 264 F.3d 894, 897-98 (9th Cir. 2001).  The statute of limitations under the AEDPA begins to run on the date the time for seeking *certiorari* expires.  *See Bowen v. Roe***,** 188 F.3d 1157, 1159-60 (9th Cir. 1999). A petitioner has 90 days after the state supreme court denies a petition for direct review within which to petition for a writ of *certiorari* from the United States Supreme Court.   Sup. Ct. R. 13, Supreme Court Rules.  *See id.*

At the time Petitioner filed his §2254 Petition for habeas corpus on March 29, 2010 (Ct. Rec. 1), he was in custody pursuant to the January 29, 1999 judgment of the Spokane County Superior Court.   This judgment became final for purposes of AEDPA's one year statute of limitations on October 8, 2001, which was ninety days after review was denied by the Washington Supreme Court on July 10, 2010. Petitioner did not seek *certiorari* within that ninety day period.  Therefore, absent equitable tolling or a re-starting of the limitations period on a new date, the federal habeas petition was due on or before October 8, 2002.[1]

---

[1]  Regardless of whether Petitioner's November 9, 2007state personal restraint petition was properly filed, the AEDPA limitations period had already been expired for more than five years by that time.  An expired limitations period cannot be statutorily tolled. *See also Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval.").

**ORDER DENYING
MOTION TO DISMISS-**          4

1

**A.  Actual Innocence/Equitable Tolling**

On July 6, 2010, the Ninth Circuit Court of Appeals in *Lee v. Lampert*, 610 F.3d 1125 (9th Cir. 2010), held there is no "actual innocence" exception to the AEDPA statute of limitations.  Accordingly, Petitioner cannot rely on such an exception to argue the AEDPA limitations period should not apply to his Petition.

**B.  Re-sentencing/Amended Sentence**

Petitioner contends the June 7, 2010 order of the Spokane County Superior Court amending his sentence triggers a new one year statute of limitations for purposes of AEDPA, 28 U.S.C. § 2244(d).  This court agrees based on the reasoning set forth in *Hess v. Ryan*, 651 F.Supp.2d 1004 (D. Arizona 2009).  That reasoning is persuasive.

In *Hess*, the petitioner's judgment of conviction was vacated subsequent to completion of direct appellate review and he was re-sentenced.  The respondent argued that because the re-sentencing did not occur on direct appeal, it was irrelevant to the question of when the AEDPA limitations period commenced.  The Arizona district court disagreed and held the finality for limitations purposes had to be calculated from the date of petitioner's re-sentencing judgment.  The district court began its analysis by observing that in *Burton v. Stewart*, 549 U.S. 147, 156-57, 127 S.Ct. 793 (2007), the Supreme Court concluded that for purposes of the AEDPA statute of limitations, "[f]inal judgment in a criminal case means the sentence.  The sentence is the judgment."   651 F.Supp.2d at 1019.  The district court noted that while *Burton* was not a statute of limitations case, the Supreme Court's intention that *Burton* impact limitations questions was illustrated by the fact that in *Ferreira v. Secretary, Dept. of Corrections*, 494 F.3d 1286 (11th Cir. 2007), it vacated and remanded for reconsideration, in light of *Burton*, the

**ORDER DENYING**
**MOTION TO DISMISS-**          5

1   Eleventh Circuit's dismissal on timeliness grounds.  *Id*., citing *Ferreira v.*

2   *McDonough*, 549 U.S. 1200, 127 S.Ct. 1256 (2007).   The Arizona district court

3   concluded that the Ninth Circuit in *U.S. v. LaFromboise*, 427 F.3d 680 (9th Cir.

4   2005), adopted the rationale of the Eleventh Circuit in *Walker v. Crosby*, 341 F.3d

5   1240, 1246 (11th Cir. 2003), which led the Eleventh Circuit to conclude that re-

6   sentencing restarts the statute of limitations period for all of the claims in a federal

7   habeas petition, including those that arise from the original conviction.  *Id.* at

8   1020.  While both *Burton* and *LaFromboise* involved re-sentencing upon remand

9   from direct review, the district court noted that neither case expressly conditioned

10  its holding on that fact.  Furthermore, the district court noted that the Eleventh

11  Circuit in *Ferreira v. Secretary, Dept. Of Corrections*, cited *supra*, applied *Burton*

12  to a 2003 re-sentencing issued as a result of a post-conviction proceeding.  *Id*.

13      The district court in *Hess* rejected respondent's argument that the source of

14  re-sentencing is controlling, finding that "finality" occurs when both the

15  conviction and sentence are final, and that such finality is not upset by a

16  subsequent re-sentencing on collateral review.  According to the court:

17          Habeas is not a review of various judgments.  Rather, a
            habeas corpus proceeding is a challenge to the legality
18          of the petitioner's custody, and that custody must be
            determined on the basis of the validity of whatever
19          judgment currently holds the petitioner.  "*Burton* makes
            clear that the writ and AEDPA, including its limitations
20          provisions, are specifically focused on the judgment
            which holds the petitioner in confinement." *Ferreira*,
21          494 F.3d at 1293.  Thus, as recognized in *Burton*, a
            petitioner is not held under two separate judgments, one
22          determining his conviction and another setting his sentence.
            Rather, "[t]he sentence is the judgment." *Burton*, 549 U.S.
23          at 157, 127 S.Ct. 793.  Thus, for example, a habeas
            petitioner who was resentenced upon a grant of collateral
24          relief would not challenge two separate judgments in a
            subsequent habeas, one attacking the original judgment as
25          to errors at trial, and the other attacking the propriety of the
            new sentence.  Rather, he would have, in essence, a single
26          claim: that his current custody was unlawful.  Respondents'

27  **ORDER DENYING**

28  **MOTION TO DISMISS-**          6

1
2

approach would require two separate habeas petitions, and
would result in the very type of piecemeal habeas litigation
that *Burton* recognized the AEDPA was designed to avoid.

3   *Hess*, 651 F.Supp.2d at 1021.

4        In *Henderson v. Martel*, 2010 WL 2179913 (E.D. Cal. 2010), the petitioner

5   was sentenced in state superior court on June 30, 2006, and then pursued a direct

6   appeal through California appellate and supreme courts.  The California Supreme

7   Court denied petitioner's petition for review on October 16, 2008.  The petitioner

8   then filed a petition for writ of habeas corpus in the state superior court on July 22,

9   2009.  The superior court denied the application for habeas relief by an order filed

10  September 15, 2009, but *sua sponte* found the previously imposed sentence to be

11  unlawful.  Therefore, the petitioner was re-sentenced on October 30, 2009.

12  Petitioner appealed from the re-sentencing and that appeal was still pending at the

13  time the district court issued its decision in *Henderson*.  Citing *Burton*,

14  *LaFromboise* and *Hess*, the district court found the limitations period on

15  petitioner's federal habeas petition, filed August 7, 2009, had yet to commence

16  running because his re-sentencing judgment had not yet become final.  *Id*. at *2-3.

17       Here, Petitioner's federal habeas Petition was filed on March 29, 2010,

18  **before** he was re-sentenced on June 7, 2010.  This Petition, when filed, was

19  therefore untimely.  The re-sentencing had not yet taken place so as to re-start the

20  one year limitations period.  This court could dismiss the Petition, in its current

21  form, for untimeliness.  This would likely prompt the Petitioner to file a second or

22  successive petition alleging the June 7, 2010 re-sentencing as the relevant date for

23  restarting the limitations period.  This court finds, however, that for the sake of

24  efficiency and in the interest of justice, it will, pursuant to Fed. R. Civ. P. 15(a),

25  allow an amendment of  the petition to incorporate Petitioner's re-sentencing date

26  of June 7, 2010 as the alleged earliest date for restarting the AEDPA one year

27
28  **ORDER DENYING
    MOTION TO DISMISS-**          7

statute of limitations.  *See Mercado v. Lempke*, 2009 WL 2482127, at \*5 (S.D.N.Y. August 13, 2009).  So amended, the petition is timely.[2]

## III.  CONCLUSION

Respondent's "Motion To Dismiss Petition As Untimely" (Ct. Rec. 14) is **DENIED**.  No later than thirty (30) days from the date of this order, Respondent shall serve and file a response to the Petition addressing any other procedural issues and the merits of the Petition.  Within twenty (20) days thereafter, Petitioner shall serve and file a reply and the Petition will then be before the court for adjudication without oral argument.

Petitioner's Motion For Leave To File Sur-Reply (Ct. Rec.  22) is **GRANTED**.  Although the court questions the propriety of a sur-reply considering that the arguments raised in Respondent's June 24, 2010 reply brief (Ct. Rec. 21 at pp. 4-10) related to the June 7, 2010 re-sentencing were in response to arguments raised by Petitioner in his June 17, 2010 response brief (Ct. Rec. 20 at pp. 10-11), the court notes that its independent research on this issue is largely responsible for the decision it has reached.  Therefore, allowing the sur-reply is not prejudicial to Respondent.

Petitioner's Second Motion To Appoint Counsel (Ct. Rec. 24) is **DENIED** without prejudice.  Petitioner is not entitled to appointment of counsel as a matter of constitutional right.  *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454 (1991).  A district court has discretion to appoint counsel for any habeas corpus

---

[2]  It appears the time for an appeal of the re-sentencing is now expired, although it seems such an appeal would have been very unlikely.  If exhaustion of state court remedies with regard to any of the grounds for relief asserted in the Petition is an issue, it will be addressed at a later time.

**ORDER DENYING
MOTION TO DISMISS-**          8

petitioner at any stage of the proceedings.  *See* 18 U.S.C. Section 3006A(a)(2)(B);
28 U.S.C. Section 1915(e)(1).  Counsel must be appointed if an evidentiary
hearing is to be held.  Rule 8(c) of Rules Governing Section 2254 Cases In The
United States District Courts.  Whether counsel should be appointed depends on a
petitioner's ability to articulate his or her claims in light of the complexity of legal
issues and the likelihood of success on the merits of the petition.  *Weygandt v.
Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The issues raised with regard to the merits of the Petition appear to be
susceptible of resolution based on an existing, undisputed record.  If that is so,
there is no need for discovery and/or an evidentiary hearing.  Moreover, the issues
do not appear to be unduly complex.  While the court appreciates the effort
Petitioner's counsel has expended thus far on behalf of Petitioner, it currently
cannot justify appointing her as counsel at public expense.  The motion is denied
without prejudice in recognition that the need for discovery and/or an evidentiary
hearing cannot be entirely foreclosed until such time as the court receives the
briefing on the merits of the Petition.

**IT IS SO ORDERED**.  The District Court Executive shall enter this Order
and forward copies to counsel.

DATED this___3rd___day of September, 2010.


*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

**ORDER DENYING
MOTION TO DISMISS-**          9